**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| LEONARD CRUSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-08-095 |
| | § | |
| CLEAR CREEK INDEPENDENT | § | |
| SCHOOL DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Leonard A. Cruse, a former substitute teacher with the Clear Creek Independent School District (CCISD), sued both the CCISD and the Galveston County Sheriff's Department in state court, alleging that he was falsely arrested and deprived of his liberty. Cruse asserted both federal claims under 42 U.S.C. § 1983 and state-law claims for false arrest and imprisonment and negligence. The defendant, Galveston County Sheriff's Department, has moved to dismiss. (Docket Entry No. 4). The plaintiff has not filed a response to the motion. The motion to dismiss is granted, for the reasons stated below.

**I.     Background**

In his complaint, Cruse alleges that he had complained frequently to the CCISD Board about a lack of discipline in the students, but CCISD had failed to take corrective action. On October 23, 2007, while working as a substitute teacher at the Clear Creek High School, Cruse and a student had an exchange that resulted in Cruse calling security and telling a

student to "sit his ass down." When security arrived with the assistant principal, Cruse was taken to an office. The principal and assistant principal, accompanied by three Galveston County Sheriff Deputies, questioned Cruse, then left, saying that they were going to question the students. When the principal returned, he advised Cruse that one of the students had videotaped the incident, the principal had watched the video, and Cruse would be charged with disorderly conduct for his role. Cruse was issued a citation by a deputy sheriff for disorderly conduct. He was allowed to leave the room, where he had been waiting for over an hour.

An article about the incident appeared in the newspaper. Cruse asserts that it was published at the instigation of the CCISD and was defamatory. On November 1, 2007, the CCISD advised the Galveston County District Attorney that the CCISD did not want to pursue charges against Cruse.

Cruse seeks damages under federal and state law for the alleged wrongful arrest and imprisonment (the time he spent in the office), defamation, negligence, and violations of the Texas Constitution.

## II.     Analysis

### A.     The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), the Court confirmed that Rule 12(b)(6) must be

read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, __ F.3d __, No. 07-30098, 2007 WL 4260892, at *1 (5th Cir. Dec. 6, 2007) (quoting *Twombly*, 127 S. Ct. at 1974); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). "[A] plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bradley v. Phillips Petroleum Co.*, __ F. Supp. 2d __, No. H-05-3912, 2007 WL 4443876, at *2 (S.D. Tex. Dec. 18, 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65). "'Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Id.* (quoting *Twombly*, 127 S. Ct. at 1965 n.3). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65); *Sonnier*, 2007 WL 4260892, at *1 (quoting *Twombly*, 127 S.Ct. at 1965). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of

time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 127 S. Ct. at 1966) (internal quotation marks omitted).  Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").  However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted); *see also Great Plains Trust Co.*, 313 F.3d at 329; *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1996).

### B.     Discussion

The Galveston County Sheriff's Department moves first on the basis that it is not an entity subject to suit.  A number of cases hold that an administrative agency such as a

sheriff's or police department cannot sue or be sued. *See, e.g., Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). The claim against the Galveston County Sheriff's Department is dismissed. Because this pleading deficiency could be cured by amendment, the other grounds for dismissal are also examined.

The facts that Cruse alleges in his complaint show no basis for a claim that his federal constitutional rights were violated. Cruse alleges that he called security when a student was disruptive in class; Cruse told the student to "sit his ass down"; security came with the vice-principal, who asked Cruse to come with her to a small office, sit down, and shut the door; the principal came in with three deputies; the principal asked Cruse some questions and then went to interview students; the principal returned and told Cruse that one of the students had videotaped the incident and that Cruse would be charged with disorderly conduct; Cruse signed a citation and left. These facts do not, as a matter of law, arise to a "seizure" by the Galveston County Sheriff's Department within the meaning of the Fourth Amendment. The facts pleaded show that Cruse himself called for security. The only role of the Sheriff's Department deputies was to accompany the school principal. The three deputies entered the room with the principal, left the room with the principal, and returned with the principal. They did not remain with Cruse.

Nor did the deputies play any role in questioning Cruse. He was questioned by the principal. The only role the deputies played was to write a citation for disorderly conduct.

The facts Cruse has pleaded could not support a claim against the Sheriff's Department for federal law violations. Nor could these facts support any relief under the

5

state-law claims he had pleaded. Cruse has not alleged that the Sheriff's Department had any role in the publication of the newspaper article. The only negligence claim is against the CCISD for failure to make the students behave and show courtesy and respect for adults and substitute teachers. Nor has Cruse alleged any basis for recovery for a state constitutional tort; Texas law does not recognize such a claim for damages. *See, e.g., City of Beaumont v. Bouillion*, 986 S.W.2d 143, 148 (Tex. 1995). Finally, the state law claims for damages for wrongful arrest and false imprisonment are barred by immunity and Cruse has alleged no facts that would overcome the immunity. TEX. CIV. PRAC. & REM. CODE ART. 101.021. **III.**

### Conclusion

The motion to dismiss filed by the Galveston County Sheriff's Department is granted. The plaintiff may file an amended complaint no later than **July 25, 2008.**

SIGNED on July 1, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge